UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEBORAH LAUFER,

      Plaintiff,

v.                              Civil Action No.: 1:19-CV-1462 (MAD/CFH)

VILLAGE AT MILLER ROAD, LLC

      Defendant.

---

**AFFIDAVIT**

Daniel C. O'Brien, being duly sworn, deposes and states that:

1. I am the sole Manager of a limited liability company, Village at Miller Road, LLC, the Defendant in this action ("VMR" or "Defendant"). I am familiar with the facts and circumstances stated herein. This affidavit is respectfully submitted to provide the Court with additional facts and documentation relevant to the issue of subject matter jurisdiction and, in the event that the Court determines that it has subject matter jurisdiction, to permit Defendant to file a motion for summary judgment immediately for dismissal of the claims made against VMR, pursuant to FRCP Rule 56, and further, if Plaintiff fails to dismiss voluntarily, for appropriate sanctions pursuant to FRCP Rule 11.

2. I am advised that the Court has requested that the Plaintiff address whether Plaintiff has standing to sue anyone in this action based on the fact that Plaintiff is a "tester" of compliance with the Americans with Disabilities Act ("ADA").

3   VMR is not involved in any way with the ownership or operation of the "Comfort Inn" hotel facility described in the Complaint.

4   VMR owns the underlying land upon which the hotel was constructed by an un-related third party, Schodack Hospitality, LLC.

5   In 1993, VMR leased land to Schodack Hospitality, LLC under a "Ground Lease" (Exhibit "1"). VMR is the "Lessor" and Schodack Hospitality, LLC is the "Lessee" under the Ground Lease.

6   Schodack Hospitality, LLC is in no way affiliated or related to VMR. There is no common ownership and no cross-management between the Lessor and Lessee, and the Ground Lease is an "arm's length" transaction in every respect.

7   When the Ground Lease was initiated, the land was unimproved and vacant. Under the Ground Lease, the Lessee was authorized to design, construct and operate its hotel facility on the land and obligated itself to lease payments to VMR.

8   It is my understanding that the Ground Lease governs VMR's rights and responsibilities related to the leased property. Under the Ground Lease terms, VMR has no right to "own" the hotel or to occupy or to involve itself in its operation. At no time has VMR ever exercised or attempted to exercise any control or influence over hotel operations or the promotion or marketing of the facility. In particular, VMR has never posted any websites and has never participated in any hotel room reservation system having anything to do with the hotel.

9   The Ground Lease specifically addresses "ownership" of the hotel facility. The Court is respectfully referred to Exhibit 1, Section 22 which states: "Title to the building and all

other improvements on the Leased Premises and any repairs, alterations, additions or improvements to said building or improvements <u>shall be vested in and remain in Lessee at all times during the original term of this Lease and any renewal or extension thereof.</u>" (emphasis added)

10  If the Ground Lease is extended under its terms, the end of the term and hotel ownership by Schodack Hospitality, LLC will be in about 82 years. The Ground Lease provides that only at that time i.e. at the time of the expiration of the Ground Lease or extension, title to the building will <u>then</u> become vested in the Lessor.

11  Although Plaintiff's Amended Complaint (¶¶ 3, 11) alleges that the hotel reservation system is owned and/or operated by VMR, these statements are untrue. Since it is not the "owner" of the hotel, VMR is not entitled to and in fact has had no involvement with or knowledge of any hotel "online reservation system' or websites that may be used by the hotel owner and which Plaintiff claims to have visited before bringing her lawsuit against VMR.

12  After having been served in this action, VMR retained counsel to defend itself. The Law Offices of Daniel M. Sleasman has filed a Notice of Appearance on its behalf.

13  On March 16, 2020, Mr. Sleasman wrote an email to Plaintiff's attorney providing a copy of the "Ground Lease" for review by Plaintiff's attorney.

14  Following up, by email dated March 19, 2020 and based on the Ground Lease provisions, VMR requested that Plaintiff dismiss the action.

15  In an ongoing effort to avoid unnecessary litigation, Mr. Sleasman wrote to Plaintiff's attorney on April 3, 2020 (Exhibit "2"), further explaining VMR's documented defense to the claims.

16. Finally, on May 29, 2020, our attorney wrote to Plaintiff's counsel providing notice of intent to request sanctions if Plaintiff fails to dismiss the claims against VMR within 21 days. I am advised that to date, there has been no response. (Exhibit "3")

17. In order to minimize the cost of litigation, if the Court determines that it has subject matter jurisdiction, and if Plaintiff does not voluntarily dismiss against VMR, permission is requested to file an immediate summary judgment motion and for other appropriate relief.

Respectfully Submitted,

_____
Daniel C. O'Brien

Dated June 5, 2020
Albany, New York

Sworn to this 5 day of June 2020
Notary Public, State of New York

_____
DANIEL M. SLEASMAN
Notary Public, State of New York
Qualified in Albany County
Reg# 02SL4829273
Comm. Expires 10/3/22